**Faye Lois TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 49287.

Court of Criminal Appeals of Texas.

Jan. 29, 1975.

Russell T. Van Keuren, Houston, for appellant.

Oliver S. Kitzman, Dist. Atty., Hempstead, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of murder with malice aforethought; the punishment, imprisonment for ten years.

The appellant was tried before a jury upon the indictment in this cause and the jury returned a verdict of guilty of murder without malice; however, the jury deadlocked on the issue of punishment and a mistrial was declared. At the trial from which this appeal arose, a different jury found appellant guilty of murder with malice.

The appellant argues that she has been twice put in jeopardy for the same offense in violation of the Fifth Amendment to the Constitution of the United States. The Fifth Amendment's double jeopardy clause has been applied to the states through the Fourteenth Amendment. See Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707. The question before us now is whether the appellant was acquitted by a jury in a former trial for the same offense for which she here stands convicted. We hold that she was so acquitted and reverse the judgment.

At the first trial the jury was instructed on the law of malice aforethought and then further instructed "that if the defendant in killing the deceased, if she did, was not prompted and did not act with malice aforethought, then you will find the defendant guilty of murder without malice." The jury's verdict stated "we, the jury, find the defendant guilty of murder without malice aforethought." Therefore, the issue of the ultimate fact of malice has been determined by a valid and final judgment of acquittal, and the appellant cannot be expected to "run the gantlet" a second time. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. Just as the issue of identity was resolved adversely to the State in Ashe v. Swenson, supra, the issue of malice was resolved adversely to the State in the instant case. See Price v. Georgia, 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300; Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199; Galloway v. Beto, 5 Cir., 421 F.2d 284. See also the recent case of Pope v. State, Tex.Cr. App., 509 S.W.2d 593, where we held:

> "The jury's guilty verdict at the first trial on the offense of intentional infliction of injury upon a child fourteen years of age or younger operated as an acquittal of the offenses of assault to murder with malice and without malice.
> . . . Under these circumstances, we conclude that there was prior jeopardy as to the offenses of assault to murder with malice and without malice."

The appellant could not validly be convicted of murder with malice aforethought. And, in the event of another trial, appellant cannot be convicted of any offense greater than murder without malice. Pope v. State, supra. To the extent that Hill v. State, 126 Tex.Cr.R. 79, 69 S.W.2d 409, and other cases may be in conflict with our holding herein, they are overruled.

In view of the disposition of this case on the ground of error discussed, the other grounds will not be considered.

The judgment is reversed and the cause remanded.