Brad Lee DURBIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–85–00077–CR.

Court of Appeals of Texas,
El Paso.

Aug. 13, 1986.
Rehearing Denied Sept. 10, 1986.

Charles M. Mallin, Joseph A. Calamia, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and ARMENDARIZ, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a conviction for the offense of involuntary manslaughter. The jury assessed punishment at two years imprisonment. We affirm.

In Ground of Error No. One, the Appellant asserts that the trial court erred in overruling the Appellant's motion to dismiss the indictment for lack of a speedy trial pursuant to Article 32A.02, Tex.Code Crim.Pro.Ann. The Appellant was indicted for the offense of murder on June 3, 1981. The State's announcement of ready was filed on June 4, 1981. Trial commenced on November 1, 1982. The jury returned a guilty verdict for the lesser included offense of involuntary manslaughter. The jury was unable to reach a decision at the punishment stage of trial and a mistrial was declared.

Two subsequent motions to dismiss for denial of speedy trial were denied by the trial court. On January 16, 1984, Appellant was retried under the original murder indictment. A defense motion for mistrial based on double jeopardy was granted, terminating the second trial short of verdict. Thereafter, on January 26, 1984, persuaded by Appellant's repeated double jeopardy assertion, the State's prosecuting attorney secured a reindictment on a charge of involuntary manslaughter, the instrument upon which the present conviction is founded. The State announced ready on this reindictment on January 27, 1984.

Upon an announcement of ready, the burden was upon the Appellant to demonstrate the State's lack of readiness. *Barfield v. State*, 586 S.W.2d 538 (Tex. Crim.App.1979). The Appellant's only assertion of unreadiness is founded in his belief that the guilt finding on the lesser included offense served as an acquittal upon the offense of murder, rendering the original murder indictment invalid. His three motions to dismiss were all based exclusively on the theory that due to the "result" of the first trial, there was never any timely, subsequent valid charging instrument upon which the State could announce ready. There is no suggestion of evidentiary unreadiness or trial delay on the part of the State. Appellant argues that the partial verdict of the first jury

rendered the murder indictment invalid under the doctrine of double jeopardy. We note that jeopardy did not attach in this instance. See: Article 37.07(3)(c), Tex.Code Crim.Pro.Ann. (Vernon 1981). *Morris v. Mathews*, 475 U.S. ——, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986), cited in the dissenting opinion, is not applicable because in that case there was a valid, final conviction on the aggravated robbery charges prior to charges being filed for aggravated murder which arose out of the robbery. In our case, the hung jury resulted in a mistrial, but not a conviction or an acquittal. The Appellant could have been retried on the murder charge at any time. The fact that the State chose to reindict on the charge of manslaughter caused the case to fall within the ambit of Article 32A.02(4)(7), Tex.Code Crim.Pro.Ann. (Vernon Pamphlet Supp. 1986). As the murder indictment was still valid, it appears that the manslaughter charge was an alternative charge. When the murder case was dismissed, the speedy trial limitations were governed by the commencement by the State of the subsequent charge.

■ Even the delay caused by the ultimate dismissal of the murder indictment and the process of reindicting on the lesser charge was not attributable to the State. The trial court's granting of the nonmeritorious motion for mistrial in January, 1984, necessitated such action by the State. This was at most invited error and invited delay chargeable to the defense. As no other delay is suggested, we find that there is no violation of the Speedy Trial Act. Ground of Error No. One is overruled.

■ In Ground of Error No. Two, the Appellant asserts that the court erred in overruling his request for a charge on voluntariness pursuant to Section 6.01, Tex. Penal Code. This assertion is based upon the Appellant's testimony that the deceased charged his vehicle and the Appellant swerved away from the deceased. The deceased was then struck by the side mirror of the vehicle and fell underneath its wheels. We fail to see how this constitutes nonvolitional conduct. The fact that the

Appellant's version of the events indicates he did not intend to cause the result does not warrant the requested instruction. See: *Williams v. State*, 630 S.W.2d 640 (Tex.Crim.App.1982). The conduct in swerving his vehicle was clearly voluntary. See: *George v. State*, 681 S.W.2d 43 (Tex. Crim.App.1984). Ground of Error No. Two is overruled.

The judgment of the trial court is affirmed.

ARMENDARIZ, Justice, dissenting.

I respectfully dissent. I would reverse the judgment below with instructions to dismiss the present indictment because of failure to comply with the Speedy Trial Act, Article 32A.02(1)(1), Tex.Code Crim. Pro.Ann.

The issue in this case is not whether the State was invested with the right to retry the Appellant for the crime that he had been previously convicted or for any other lesser included offense that could be sustained by the original indictment in this case. Clearly the State had that right. Article 37.14, Tex.Code Crim.Pro.Ann.; *Morris v. Mathews*, 475 U.S. ——, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986); *Moss v. State*, 574 S.W.2d 542 (Tex.Crim.App.1978). While no jeopardy attached regarding such lesser included offenses, as pointed out by the majority opinion herein, the single count for murder was spent, as was the announcement of ready for same, when the trial ended in a mistrial on November 9, 1982. Article 37.14, Tex.Code Crim.Pro. Ann., militates against the suggestion of the majority that Appellant could have been retried on the murder charge at any time. In finding the Appellant guilty of involuntary manslaughter, the jury acquitted him of murder and jeopardy attached on the singularly charged offense of murder. At that point, the State was empowered to end the proceedings by no further prosecution of the Appellant or to opt to continue the prosecution of the Appellant. Further prosecution, however, could continue only under pleadings properly charging the Appellant with such lesser crime or

crimes. The point at issue is whether the prosecutor was ready for trial subsequent to the relevant point in time when its efforts to convict on the original charge ended in failure on its original indictment. I think not.

Clearly, the original indictment would sustain a conviction for the lesser included offense. But it was useless as a prosecutorial instrument in its original form. The original charging document could not be used to proceed to trial without violating double jeopardy standards and without violating Appellant's right to know that the State had in fact exercised its option to proceed against him. It served also to keep the commenced prosecution viable during the time given to the State to announce ready anew on any offense or offenses that they wished to bring arising out of the same transaction. But it was necessary and indispensable that a new charging document listing the correct offense be filed under the circumstances resulting from the actions of the first jury. Additionally, the new charging document would serve to apprise both the court and the Appellant of the nature of the cause to which he was now forced to respond. Tex. Const. art. I, sec. 10. *United States v. Pierro*, 478 F.2d 386, at 389 (2d Cir.1973). A new usable primary pleading at that point was necessary and indispensable to the issue of readiness on the part of the State to proceed in the further prosecution of the case. Article 27.01, Tex.Code Crim. Pro.Ann. Without it, the State was not ready to proceed as a matter of fact and law.

Appellant herein moved for a discharge under the provisions of Article 32A.02, supra, on at least two occasions after the six-month period elapsed from the date of the mistrial. No waiver of the rights accorded to him by this article is present in the instant case.

It was not until January 26, 1984, and after an abortive attempt to retry the Appellant on the original indictment, that the State, finally heeding the urgings of counsel for the Appellant, secured a new indictment charging the offense of involuntary manslaughter while at the same time obtaining a dismissal of the prior indictment. Their announcement of ready on the next day was well beyond the 120-day period contemplated by the Speedy Trial Act.

The State argues, in effect, and the majority agree, that the instant case is a "reindictment" of Cause No. 36102–120 where the Appellant was indicted on June 3, 1981, for the offense of murder arising out of the same transaction as the instant case of involuntary manslaughter. The State suggests that its announcement of ready filed in writing in that cause should be carried forward in the instant case because it is a "reindictment." Although the former and the instant case have the same complaining witnesses, they are different offenses under different sections of the Texas Penal Code. The original charge was made under Section 19.02 of same, and the instant comes under Section 19.05 of the act. These are different offenses subject to different pleading and to different proof. They are not the "same case" even though they arose out of the same transaction. Article 32A.02(2)(a); *Richardson v. State*, 629 S.W.2d 164 at 165 (Tex.App.— Dallas 1982, PDRR). Consequently, the announcement of ready in the first case will not apply to the instant case.

I conclude, under the circumstances of this case, that Appellant is entitled to relief under the provisions of the Speedy Trial Act and would reverse this cause and order its dismissal below.

## OPINION ON MOTION FOR REHEARING

OSBORN, Chief Justice.

Appellant, in his motion for rehearing, cites us to *Turner v. State*, 518 S.W.2d 243 (Tex.Crim.App.1975). Our decision is contrary to the holding in that case. That case totally ignores and does not even mention the controlling code provision. The lan-

guage now appearing in Article 37.07, sec. 3(c), Tex.Code Crim.Pro.Ann., is identical to Section 2(d) of Article 37.07 as written in the Code of Criminal Procedure which became effective January 1, 1966, and would have been controlling at the time of the decision in the *Turner* case. It states:

> In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty. In the event the jury shall fail to agree, a mistrial shall be declared, the jury shall be discharged, and no jeopardy shall attach.

We believe we are bound by the controlling code provision rather than an opinion which was issued without any reference to or application of the code. We can only conclude that the provision of the code which provides that no jeopardy shall attach where the jury is unable to agree on punishment was not cited to the court in the *Turner* case. The motion for rehearing is overruled.

ARMENDARIZ, Justice, dissenting.

I adhere to my original dissent. I remain convinced that under the facts and proceedings used in this case, the controlling issue is not whether or not jeopardy attached on the indicted charge of murder, but whether or not the subsequent prosecution of the Appellant on the lesser included offense of involuntary manslaughter was timely under the provisions of the Texas Speedy Trial Act. New pleadings were indispensable if the prosecution was to proceed and these did not come for 442 days after the event that made them necessary arose. See the last paragraph of the decision in *Stell v. State*, 662 S.W.2d 96 (Tex.App.— Houston [1st Dist.] 1983, PDRG); *Richardson v. State*, 629 S.W.2d 164 (Tex.App.— Dallas 1982, PDRR).

I would grant the motion for rehearing.