Michael Bennett MONROE, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–93–00692–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 20, 1994.

Anthony P. Griffin, Galveston, for appellant.

Mary Cudd, Angleton, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from an order denying habeas corpus relief. In two points of error, appellant contends that he is being illegally detained because (1) the charge of attempted capital murder of a peace officer is barred by the jury's acquittal; and (2) the lesser included charge of aggravated assault of a peace officer is barred by the statute of limitations, by not being contained in the indictment, and because appellant was acquitted of the greater offense of attempted capital murder of a peace officer. We affirm in part and reverse and remand in part.

Appellant, Michael Bennett Monroe, was charged by indictment for the offenses of attempted capital murder of a peace officer and unauthorized use of a motor vehicle. Appellant entered a plea of not guilty to attempted capital murder and a plea of guilty to unauthorized use of a motor vehicle. On November 30, 1992, the murder case was tried to a jury. At the guilt-innocence stage of trial, the jury found appellant *not guilty* of attempted capital murder of a peace officer, but *guilty* of the lesser included offense of aggravated assault of a peace officer with a deadly weapon and unauthorized use of a motor vehicle. Before the punishment stage of trial, appellant requested and was granted a mistrial for the misconduct of the court's bailiff. The bailiff was overheard informing three jurors that "now that you have found the defendant guilty, you need to now show those goody two shoes on the jury." Appellant is currently confined in the Brazoria County Jail awaiting the punishment stage.

On December 14, 1992, the trial court held a hearing to determine if the State could impanel a jury to deal with punishment only or if it had to retry the guilt-innocence phase also. The court decided that the State was required by article 44.29 of the Texas Code of Criminal Procedure to impanel a jury to retry the entire case, both the guilt-innocence and the punishment stages. When the case was called to trial on July 12, 1993, appellant filed a petition for writ of habeas corpus contending that the State was barred by double jeopardy and the statute of limitations from prosecuting him for the acquitted offense of attempted capital murder and the lesser included offense of aggravated assault. The trial court denied appellant's writ and ruled that the retrial would proceed on the original indictment. The trial court granted a ninety day abatement of the trial for appellant to appeal the issue of retrial. The written order denying the writ and the court's findings of fact were signed and entered on July 14, 1993.

In his first point of error, appellant contends that he is being illegally detained on charges that are barred by the jury's acquittal of him. Specifically, appellant asserts that the State is precluded from retrying him for attempted capital murder of a peace officer because the jury found him not guilty of that charge. In effect, appellant is arguing that the Double Jeopardy Clause bars his retrial for the same offense after an acquittal. On the contrary, the State argues that appellant was never acquitted and can be retried because the verdict was incomplete and jeopardy did not attach.

■ The United States and Texas Constitutions provide that no person shall be twice placed in jeopardy for the same offense. U.S. CONST. amends. V & XIV; TEX. CONST. art. I, § 14; *see also* TEX.CODE CRIM. PROC.ANN. art. 1.10 (Vernon 1977). The double jeopardy provisions protect against multiple punishments and multiple prosecutions for the same offense after either an acquittal or a conviction. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Ex parte Kopecky*, 821 S.W.2d 957,

958 (Tex.Crim.App.1992). Once acquitted, a defendant may not again be subject to trial for the same offense without violating the Double Jeopardy Clause. *United States v. Scott*, 437 U.S. 82, 96, 98 S.Ct. 2187, 2196, 57 L.Ed.2d 65 (1978); *Ex parte Stephens*, 753 S.W.2d 208, 211 (Tex.App.—Dallas 1988), *aff'd*, 806 S.W.2d 812 (Tex.Crim.App.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991).

■ For purposes of reviewing a claim of former jeopardy, an acquittal is defined as "a resolution, correct or not, of some or all of the elements of the offense charged." *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1977); *see also Ball v. United States*, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896) (stating that verdict of acquittal precludes reprosecution even if no judgment to that effect is entered).

■ As stated earlier, appellant was originally indicted for the offense of attempted capital murder of a peace officer. The jury was charged on the law of attempted capital murder and aggravated assault of a peace officer. The jury found appellant guilty *only* of the lesser included offense of aggravated assault of a peace officer. Count one of the jury's verdict read as follows:

> We, the jury, having found the defendant, Michael Bennett Monroe, *not guilty* of the offense of Attempted Capital Murder as charged in count one of the Indictment find him *guilty* of the lesser included offense of Aggravated Assault of A Peace Officer with a Deadly Weapon.

The verdict was signed by the presiding juror, Eric Spickelmier, and filed on December 4, 1992. The jury's verdict of *not guilty* actually acquitted appellant of the offense of attempted capital murder. TEX.CODE CRIM. PROC.ANN. art. 1.11 (Vernon 1977).

■ Moreover, a defendant convicted of a lesser included offense is impliedly acquitted of the greater offense. *Green v. United States*, 355 U.S. 184, 190, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957); *Kennedy v. State*, 732 S.W.2d 708, 709 (Tex.App.—Corpus Christi 1987, no pet.); *Rivera v. State*, 716 S.W.2d 68, 69 (Tex.App.—Dallas 1986, pet. ref'd).

When a jury renders a verdict of acquittal on an offense, but finds an accused guilty of a lesser included offense, the State is prohibited from reprosecuting the accused for the greater offense. *Pullin v. State*, 827 S.W.2d 1, 2 (Tex.App.—Houston [14th Dist.] 1990, no pet.).

■ Although the record in the present case contains no formal judgment, the unequivocal verdict of the jury found appellant *not guilty* of attempted capital murder and *guilty* only of aggravated assault of a peace officer. Aggravated assault is a lesser included offense of attempted capital murder. *Morano v. State*, 662 S.W.2d 748, 750 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). When the jury found appellant guilty of aggravated assault of a peace officer, appellant was impliedly acquitted of attempted capital murder. *Green*, 355 U.S. at 190, 78 S.Ct. at 225; *Kennedy*, 732 S.W.2d at 709; *Rivera*, 716 S.W.2d at 69. Thus, the Double Jeopardy Clauses of the state and federal constitutions would bar appellant's retrial for attempted capital murder because he was acquitted, both expressly and impliedly.

On the contrary, the State argues that as a result of the mistrial, jeopardy did not attach, and appellant is legally detained on the charge of attempted capital murder of a peace officer. The State erroneously relies on *Durbin v. State* to support their contention. *Durbin v. State*, 716 S.W.2d 131 (Tex.App.—El Paso 1986, pet. ref'd).

In *Durbin*, the defendant was indicted for the offense of murder. The jury returned a guilty verdict for the lesser included offense of involuntary manslaughter. The jury was unable to reach a decision at the punishment stage of trial and a mistrial was granted. The defendant in that case was retried under the original murder indictment. A defense motion for a mistrial based on double jeopardy was granted, terminating the second trial short of a verdict. Thereafter, the State reindicted the defendant on a charge of involuntary manslaughter. The *Durbin* court held that the defendant's right to a speedy trial was not violated. The court further noted that jeopardy did not attach in that instance.

In the present case, the trial court concluded that the State could retry appellant for the offense of attempted capital murder of a peace officer. At the hearing on the writ, the trial court relied on the following language in *Durbin*:

In our case, the hung jury resulted in a mistrial, but not a conviction or an acquittal. *The Appellant could have been retried on the murder charge at any time.*

We note that this language is dicta, which the trial court pointed out, and is not controlling in this case. The trial court also found that the jury's entire verdict was incomplete under article 37.07, § 3(c) of the Texas Code of Criminal Procedure. We disagree. Article 37.07, § 3(c) states:

In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on guilt or innocence of the defendant and the amount of punishment, *where the jury finds the defendant guilty.* In the event the jury shall fail to agree, a mistrial shall be declared, the jury shall be discharged and no jeopardy shall attach.

Tex.Code Crim.Proc.Ann. art. 37.07, § 3(c) (Vernon 1981). Article 37.07, § 3(c) does not address the situation where a jury has acquitted on one offense as in the instant case.

Here, the jury returned a guilty verdict *only* for the lesser included offense of aggravated assault of a peace officer. The jury never got an opportunity to consider appellant's punishment for that offense because of the bailiff's misconduct. The jury's verdict was incomplete as to *only* the lesser included offense and no jeopardy attached as to that particular offense. Tex.Code Crim.Proc. Ann. art. 37.07, § 3(c) (Vernon 1981).

However, the jury spoke clearly that appellant was *not guilty* of attempted capital murder of a peace officer. Article 37.07, § 3(c) applies only "where the jury finds the defendant guilty," and is inapplicable to this offense. The jury's verdict was complete as to the offense of attempted capital murder because the jury need not consider punishment after an acquittal. Therefore, jeopardy attached on the singularly charged offense of attempted capital murder, and the State is barred from retrying appellant for this of-

fense. Accordingly, we sustain appellant's first point of error.

In his second point of error, appellant alleges that he is being illegally detained on the lesser included charge of aggravated assault of a peace officer because (1) the statute of limitations has run on such charge; (2) there is no pending indictment that alleges aggravated assault of a peace officer; and (3) he was acquitted of the greater offense of attempted capital murder of a peace officer. At the hearing on the writ, the trial court stated that appellant would be retried on the lesser included offense of aggravated assault of a peace officer.

First, appellant points out that the current indictment does not include the lesser included offense of aggravated assault of a peace officer. He argues that the State is required to re-indict him on this charge to revive it. He further asserts he can be retried only on the remaining offense in the indictment, unauthorized use of a motor vehicle, because of his acquittal on the attempted capital murder charge.

■ When a defendant moves for a mistrial, there is a narrow exception to the rule that the Double Jeopardy Clause is no bar to retrial. *Oregon v. Kennedy,* 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982). Where the defendant successfully moves for a mistrial, he may invoke the bar of double jeopardy in a second effort to try him only if there was prosecutorial or judicial conduct intended to provoke the defendant into moving for a mistrial. *Id.* at 668, 102 S.Ct. at 2085. This exception is inapplicable in appellant's case.

■ In this case, the jury rendered its verdict, and a mistrial was declared before punishment was assessed. The jury rendered a *guilty* verdict on only the offense of aggravated assault of a peace officer, but did not determine the amount of punishment. The verdict was incomplete as to only the offense of aggravated assault of a peace officer. TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(c) (Vernon 1981); *Galloway v. State,* 420 S.W.2d 721, 724 (Tex.Crim.App.1967). As discussed, *supra,* the jury's verdict was complete as to the offense of attempted capital

murder of a peace officer because the jury was not required to assess punishment after the acquittal. Thus, jeopardy did not attach to the offense of aggravated assault of a peace officer, and appellant could be retried for this offense.

■ Secondly, appellant contends that the statute of limitations has run on the lesser included offense of aggravated assault of a peace officer. *See* TEX.CODE CRIM.PROC. ANN. arts. 12.01(5), 12.03(d) (Vernon Supp. 1993). Appellant argues that the statute of limitations ran out the day after the mistrial was declared. We disagree.

Generally, a criminal action commences when an indictment, information, or complaint against the defendant is filed in court. TEX.CODE CRIM.PROC.ANN. art. 32A.02, § 2(a) (Vernon 1989). However, if a defendant is to be retried following a mistrial, a criminal action commences on the date of the mistrial. TEX.CODE CRIM.PROC.ANN. art. 32A.02, § 2(b) (Vernon 1989).

In this case, the offense of aggravated assault has a three years period of limitation. TEX.CODE CRIM.PROC.ANN. arts. 12.01(5), 12.-03(d) (Vernon Supp.1993). The offenses alleged against appellant were committed on December 5, 1989. The State filed the original indictment on January 10, 1990, which was well within the three years period. The time during the pendency of an indictment, information, or complaint is not computed in the period of limitation. TEX.CODE CRIM. PROC.ANN. art. 12.05(b) (Vernon 1977). We note that the indictment in this case is still valid, despite the declaration of the mistrial. Thus, the statute of limitations would continue to be tolled by the first indictment. *See, e.g., Vasquez v. State,* 557 S.W.2d 779, 784 (Tex.Crim.App.1977).

■ Finally, appellant asserts that his acquittal for the greater offense of attempted capital murder bars his retrial for the lesser included offense. Since no final verdict was adjudged against appellant on the offense of aggravated assault of a peace officer, he can be retried on that offense. TEX.CODE CRIM. PROC.ANN. art. 37.07, § 3(c) (Vernon 1981); *Galloway,* 420 S.W.2d at 724.

Even assuming, *arguendo,* the jury had returned a complete verdict on the lesser included offense of aggravated assault, appellant could still be retried on that offense if a mistrial had been declared. However, appellant's retrial for aggravated assault of a peace officer under such circumstances would have to be based upon a new indictment or felony information charging him with no greater offense than aggravated assault of a peace officer. TEX.CODE CRIM.PROC.ANN. art. 37.14 (Vernon 1981); *see also Stell v. State,* 662 S.W.2d 96, 101 (Tex.App.—Houston [1st Dist.] 1983), *pet. dism'd, improvidently granted,* 770 S.W.2d 570 (Tex.Crim.App. 1984).

The trial court correctly found that the State is not barred from retrying appellant on the aggravated assault of a peace officer charge. However, we find that the trial court erred in granting a mistrial as to the entire case because the jury was only tainted as to the punishment phase of trial. The jury had already determined appellant's guilt for the offense of aggravated assault of a peace officer before the bailiff's misconduct and the subsequent mistrial. When a new trial is granted only on the basis of error made during the punishment stage of the trial, then only that part of the verdict needs to be retried. TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp.1993). Therefore, the trial court must commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial. *Id.* We overrule appellant's second point of error.

Accordingly, we affirm the trial court's denial of the writ of habeas corpus only as to the charge of aggravated assault of a peace officer. We reverse and remand for a new trial as to punishment only in accordance with this opinion.