**The STATE of Texas, Appellant,**

v.

**Jorge Alberto RESTREPO, Appellee.**

**No. 10–93–182–CR.**

Court of Appeals of Texas, Waco.

June 15, 1994.

John B. Holmes, Jr., Dist. Atty., Harris County, Calvin A. Hartmann, Tammy Thomas, Asst. Dist. Attys., Houston, for appellant.

Frank Aguilar & Deborah Summers, Houston, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

The State appeals from an order quashing a murder indictment against Jorge Restrepo. The court concluded that double-jeopardy principles prevented the State from prosecuting Restrepo for murder due to a prior prosection for the same offense that ended in an acquittal. We will affirm.

Restrepo was indicted for murder. At his trial, the jury was given the options of finding him guilty of murder, guilty of voluntary manslaughter, or not guilty. The jury found him guilty of voluntary manslaughter but was unable to agree on punishment. After seven and one-half hours of deliberation, the court declared a mistrial over Restrepo's objection.

The State again obtained an indictment charging Restrepo with murder, and he raised double jeopardy as a bar to reprosecution of the offense. He argued that the jury implicitly acquitted him of murder when it convicted him of the lessor-included offense of voluntary manslaughter. The court found "that the offense of murder ... had been previously adjudicated and the defendant had been acquitted ... as the result of the jury returning a verdict of guilty to the offense of voluntary manslaughter; thus prosecution for the offense of murder was barred" and quashed the indictment. The State appeals from this order.

■ Voluntarily manslaughter is a lesser-included offense of murder. *Nobles v. State*, 843 S.W.2d 503, 511 (Tex.Crim.App. 1992). When the jury is given the option of convicting on either a greater or lesser-included offense, a guilty verdict on the lesser offense is an implied acquittal of the greater offense. *Green v. United States*, 355 U.S. 184, 190, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957); *see also* Tex.Code Crim.Proc.Ann. art. 37.14 (Vernon 1981). Although the jury is not required by the court's charge to return an express finding of "not guilty" on the greater offense, the verdict can be treated as though "the jury had returned a verdict which expressly read: 'We find the defendant not guilty of [the greater offense] but guilty of [the lesser-included offense].'" *Green*, 355 U.S. at 191, 78 S.Ct. at 225. Thus, when the jury returned a verdict finding Restrepo guilty of manslaughter, it implicitly acquitted him of the charged offense of murder. *See id.*

■ The State argues, however, that jeopardy does not attach unless there is a complete verdict, including punishment. *See* Tex.Code.Crim.Proc.Ann. art. 37.07, § 3(c) (Vernon 1981). Because the court declared a mistrial before the jury agreed on punishment, the State reasons, the verdict was not complete and Restrepo can be reprosecuted on the murder charge.

The Houston court of appeals recently addressed the issue presented in this appeal. *See Monroe v. State*, 871 S.W.2d 801 (Tex. App.—Houston [14th Dist.] 1994, no pet.). A jury found Monroe not guilty of attempted capital murder, but found him guilty of the lesser-included offense of aggravated assault of a peace officer. *Id.* at 802. Before the punishment phase of the trial, the court granted Monroe's request for a mistrial based on a comment made by the bailiff to the jury. *Id.* Monroe challenged the state's ability to reprosecute him on the attempted capital murder charge by a pretrial writ of habeas corpus. *Id.* at 803. The trial court denied him relief and he appealed. *Id.* The court of appeals reasoned that "[t]he jury's verdict was complete as to the offense of attempted capital murder because the jury need not consider punishment after an acquittal. Therefore, jeopardy attached on the singularly charged offense of attempted capital murder, and the State is barred from

retrying [Monroe] for this offense." *Id.* at 804–05.

We agree with the Houston court's reasoning in *Monroe* and apply the reasoning and result here. Thus, we conclude that the verdict was complete in regard to the offense of murder before the court declared the mistrial. *See id.* Jeopardy attached and the State is prohibited from reprosecuting Restrepo for murder. *See id.* The trial court's ruling was correct.

The judgment is affirmed.