State v. Restrepo 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-182-CR

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â JORGE ALBERTO RESTREPO,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 178th District Court
Harris County, Texas
Trial Court # 606,109
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â The State appeals from an order quashing a murder indictment against Jorge Restrepo. The
court concluded that double-jeopardy principles prevented the State from prosecuting Restrepo for
murder due to a prior prosection for the same offense that ended in an acquittal. We will affirm.
Â Â Â Â Â Â Restrepo was indicted for murder. At his trial, the jury was given the options of finding him
guilty of murder, guilty of voluntary manslaughter, or not guilty. The jury found him guilty of
voluntary manslaughter but was unable to agree on punishment. After seven and one-half hours
of deliberation, the court declared a mistrial over Restrepo's objection. 
Â Â Â Â Â Â The State again obtained an indictment charging Restrepo with murder, and he raised double
jeopardy as a bar to reprosecution of the offense. He argued that the jury implicitly acquitted him
of murder when it convicted him of the lessor-included offense of voluntary manslaughter. The
court found "that the offense of murder . . . had been previously adjudicated and the defendant had
been acquitted . . . as the result of the jury returning a verdict of guilty to the offense of voluntary
manslaughter; thus prosecution for the offense of murder was barred" and quashed the indictment. 
The State appeals from this order.
Â Â Â Â Â Â Voluntarily manslaughter is a lesser-included offense of murder. Nobles v. State, 843 S.W.2d
503, 511 (Tex. Crim. App. 1992). When the jury is given the option of convicting on either a
greater or lesser-included offense, a guilty verdict on the lesser offense is an implied acquittal of
the greater offense. Green v. United States, 355 U.S. 184, 190, 78 S.Ct. 221, 225, 2 L.Ed.2d
199 (1957); see also Tex. Code Crim. Proc. Ann. art. 37.14 (Vernon 1981). Although the jury
is not required by the court's charge to return an express finding of "not guilty" on the greater
offense, the verdict can be treated as though "the jury had returned a verdict which expressly read:
âWe find the defendant not guilty of [the greater offense] but guilty of [the lesser-included
offense].'" Green, 355 U.S. at 191, 78 S.Ct. at 225. Thus, when the jury returned a verdict
finding Restrepo guilty of manslaughter, it implicitly acquitted him of the charged offense of
murder. See id. 
Â Â Â Â Â Â The State argues, however, that jeopardy does not attach unless there is a complete verdict,
including punishment. See Tex. Code. Crim. Proc. Ann. art. 37.07, Â§ 3(c) (Vernon 1981). 
Because the court declared a mistrial before the jury agreed on punishment, the State reasons, the
verdict was not complete and Restrepo can be reprosecuted on the murder charge. 
Â Â Â Â Â Â The Houston court of appeals recently addressed the issue presented in this appeal. See
Monroe v. State, 871 S.W.2d 801 (Tex. App.âHouston [14th Dist.] 1994, no pet.). A jury found
Monroe not guilty of attempted capital murder, but found him guilty of the lesser-included offense
of aggravated assault of a peace officer. Id. at 802. Before the punishment phase of the trial, the
court granted Monroe's request for a mistrial based on a comment made by the bailiff to the jury. 
Id. Monroe challenged the state's ability to reprosecute him on the attempted capital murder
charge by a pretrial writ of habeas corpus. Id. at 803. The trial court denied him relief and he
appealed. Id. The court of appeals reasoned that "[t]he jury's verdict was complete as to the
offense of attempted capital murder because the jury need not consider punishment after an
acquittal. Therefore, jeopardy attached on the singularly charged offense of attempted capital
murder, and the State is barred from retrying [Monroe] for this offense." Id. at 804-05. 
Â Â Â Â Â Â We agree with the Houston court's reasoning in Monroe and apply the reasoning and result
here. Thus, we conclude that the verdict was complete in regard to the offense of murder before
the court declared the mistrial. See id. Jeopardy attached and the State is prohibited from
reprosecuting Restrepo for murder. See id. The trial court's ruling was correct.
Â Â Â Â Â Â The judgment is affirmed.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed June 15, 1994
Publish 



ting practices of Mike and the various
entities under his control.

Generally, money damages may be inadequate to
compensate an injured party for the loss of property deemed to be legally
uniqueÂ or irreplaceable.Â  N. Cypress Med. Ctr. Operating Co. v. St. Laurent, 296 S.W.3d 171, 175 (Tex. App.ÂHouston [14th Dist.] 2009, no pet.).Â  The
ÂuniquenessÂ rule is most commonly applied when the disputed property involves
real estate.Â  See Lavigne v. Holder, 186 S.W.3d 625, 629 (Tex. App.ÂFort
Worth 2006, no pet.); In re Stark, 126 S.W.3d 635, 640 (Tex.
App.ÂBeaumont 2004, orig. proceeding [mand. denied]) (finding that real estate
is unique and therefore, may constitute some evidence of an irreparable
injury).Â  

The partnership agreement between the parties
states that the interest of each partner is personal property and that Â[a]ll
property and interests in the property, real or personal, owned by the
Partnership shall be deemed owned by the Partnership as an entity, and no
Partner or Assignee, individually, shall have any ownership of such property or
interest owned by the Partnership except as a Partner in the Partnership or an
Assignee.Â  Each of the Partners and the Assignees irrevocably waives, Â, any
right that such Partner or Assignee may have to maintain any action for
partition with respect to any of the assets of the Partnership.ÂÂ  ClintÂs
interest in the partnership is that of a limited partner in Forrest Cleburne
Properties, L.P., and he has no direct ownership interest in the real property
at all.Â  

Because ClintÂs interest is not an interest in
real estate, we do not consider the evidence regarding the unique nature of
that real estate to be evidence of an irreparable injury or of the existence of
an inadequate remedy at law.Â Â  See N. Cypress Med. Ctr. Operating Co., 296 S.W.3d at
175 (limited partnerÂs shares of the limited partnership not sufficient to
constitute a unique interest in real estate.); see also, e.g.,
Doerwald v. MBank Fort Worth, N.A., 740 S.W.2d 86, 90-91 (Tex. App.ÂFort
Worth 1987, no writ) (ample evidence to support trial courtÂs finding that
applicant failed to prove irreparable injury or inadequate remedy at law from
foreclosure where applicant did not own equity interest in property).

Further, it is important to note that the burden
of proof to establish a probable, immediate, and irreparable injury was on
Clint.Â  See N. Cypress Med. Ctr. Operating Co., 296 S.W.3d at 177; Marketshare Telecom,
L.L.C. v. Ericsson, Inc., 198 S.W.3d 908, 925 (Tex. App.ÂDallas 2006, no
pet.).Â  A party proves irreparable injury for injunction purposes by proving that
damages would not adequatelyÂ compensate the injured party or cannot be
measured by any certain pecuniary standard. Â Butnaru, 84 S.W.3d at 204; Frequent
Flyer Depot, Inc. v. American Airlines, Inc., 281 S.W.3d 215, 227 (Tex.
App.ÂFort Worth 2009, pet. denied).Â  Damages are an inadequate remedy if they
are difficult to calculate.Â Â  Frequent Flyer Depot, 281 S.W.3d at
228-29.

In the hearing, Mike Forrest testified that he was
uncertain as to where certain monies had gone, but that his accountants had all
of the financial information of the partnership.Â  ClintÂs claims were for money
damages for a breach of fiduciary duty and tortious interference.Â  Clint claims
that Mike had driven Forrest Chevrolet-Cadillac, Inc. into insolvency.Â 
Further, Clint contends that the insolvency of Forrest Chevrolet-Cadillac,
Inc., taken with MikeÂs intent to use the property of the partnership to
resurrect it, establishes a substantial risk that the real property would be
lost.Â  This would render any damage award too late.Â  However, no evidence was
presented at the temporary injunction hearing regarding the financial condition
of either Mike Forrest individually or of Forrest Property Management, Inc. for
the trial court to determine whether either Mike or Forrest Property Management,
Inc. were incapable of responding to monetary damages.

Clint further contends that his damages are
difficult to calculate due to the unique nature of the property at issue and
Âthe convoluted mess of accounting and business practices utilized by the
partnership, the appellant and his dealership.ÂÂ  Because we have determined
that the unique nature of the real property is not a factor, we turn to the
calculation of damages.Â  While there was testimony of some large sums of money
that were unaccounted for, there was also testimony that the accountants used
for the limited partnership and the other entities involved were in possession
of all of the financial information for the entities and that the monies could
be accounted for by them.Â Â  

Thus, on the record presented, Clint did not meet
his burden of proof to establish that money damages could not compensate him or
that such damages are incapable of calculation. Â Absent
proof of an irreparable injury, Clint was not entitled to injunctive relief.Â  See
N. Cypress Med. Ctr. Operating Co., 296 S.W.3d at 175.Â  Accordingly, we reverse the
trial courtÂs order, dissolve the temporary injunction, and remand this cause
to the trial court for further proceedings.

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  We find that the trial court abused
its discretion in granting the temporary injunction.Â  Therefore, we reverse the
trial courtÂs order, dissolve the temporary injunction, and remand this cause
to the trial court for further proceedings.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna, and

Â Â Â Â Â Â Â Â Â Â Â  Justice Davis

Reversed and remanded

Opinion delivered and
filed July 21, 2010

[CV06]