TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00523-CR






Willie Hutson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0982704, HONORABLE JON N. WISSER, JUDGE PRESIDING







 Willie Hutson was charged with two counts of aggravated sexual assault and one
count of indecency with a child. See Tex. Penal Code Ann. §§ 21.11 (indecency) and 22.021
(aggravated sexual assault) (West Supp. 2000). The jury convicted him of indecency and the
district court assessed sentence at fifteen years in prison. Hutson contends the district court
violated his constitutional and statutory right to a trial by jury when it allowed the jury to consider
a lesser included offense without reaching a verdict on the greater offense. We will affirm the
judgment. 

 The district court initially instructed the jury to consider whether Hutson committed
offenses on two occasions. By count one, the court asked whether Hutson committed aggravated
sexual assault in October 1996; because the jury acquitted him on this count, it is not part of this
appeal. By the remaining counts, the court asked whether Hutson committed aggravated sexual
assault (count two) or indecency with a child (count three) in March 1997. The court instructed
the jury at the end of the application paragraph for count two that the jury should "[o]nly proceed
to Count III if you have found the defendant 'not guilty' of Count II." (For convenience, we will
refer to this as a "sequencing instruction.") Nevertheless, when the jury told the court that it was
deadlocked on count two (ten not guilty votes, two guilty votes) and requested permission to
consider count three without reaching a verdict on count two, the court assented. The jury found
Hutson guilty of count three.

 Hutson contends that this procedure violates his constitutional right to a jury trial
and the statutory provision that, "[i]n a prosecution for an offense with lesser included offenses,
the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included
offense." Tex. Code Crim. Proc. Ann. art. 37.08 (West 1981) (emphasis added). He contends
this requires a finding of not guilty on the greater offense. He argues that the absence of a not-guilty finding violates this statute as well as constitutional provisions ensuring trial by jury. We
disagree. 

 We find no deprivation of the constitutional right to trial by jury or of statutes
designed to safeguard that right; indeed, the jury acquitted him, convicted him, and requested the
very procedure he challenges. We find no statutory or constitutional requirement that the jury
must acquit a defendant of the greater offense before considering the lesser offense. Article 37.08
merely states that the jury may acquit the defendant on the greater offense but convict on lesser
offenses. Id. The Supreme Court has held that a jury's choice to convict of second-degree
murder rather than first-degree murder is an implicit acquittal on the first-degree charge. See
Green v. United States, 355 U.S. 184, 190-91 (1957). The Waco court of appeals agreed. See
State v. Restrepo, 878 S.W.2d 327, 328 (Tex. App.--Waco 1994, pet. dism'd). In neither case
does the appellate court criticize the trial court for presenting the greater and lesser offenses as
options rather than a sequence of choices descending from the greatest offense. Texas law
contemplates the courts may give juries free choice among greater and lesser-included offenses;
otherwise there would be no need for the statute establishing that conviction of a lesser-included
offense implies acquittal of greater offenses. See Tex. Code Crim. Proc. Ann. art. 37.14 (West
1981). (1) Thus the only requirement possibly violated was the district court's own instruction.

 We conclude that the district court's allowing the jury to bypass the sequencing 
instruction does not require reversal. We are aware of no constitutional or statutory provisions
prohibiting the district court from permitting the jury to bypass the sequencing instruction. We
find that Hutson was not harmed by the district court's decision. We presume the trial court was
familiar with article 37.14 and knew that a conviction on the lesser-included indecency offense
would act as an implicit acquittal on the greater aggravated sexual assault charge. See id. We
do not see how a court decision that essentially functioned as an instructed verdict of acquittal on
the greater charge contributed to the conviction on the lesser charge; the court did not comment
on the weight of the evidence supporting the lesser charge and did not direct the outcome of the
jury's deliberation on the lesser charge. 

 We overrule Hutson's point of error and affirm the conviction.



 
 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 23, 2000

Do Not Publish
1. Article 37.14 provides:


If a defendant, prosecuted for an offense which includes within it lesser offenses,
be convicted of an offense lower than that for which he is indicted, and a new trial
be granted him, or the judgment be arrested for any cause other than the want of
jurisdiction, the verdict upon the first trial shall be considered an acquittal of the
higher offense; but he may, upon a second trial, be convicted of the same offense
of which he was before convicted, or any other inferior thereto.



ed
sexual assault in October 1996; because the jury acquitted him on this count, it is not part of this
appeal. By the remaining counts, the court asked whether Hutson committed aggravated sexual
assault (count two) or indecency with a child (count three) in March 1997. The court instructed
the jury at the end of the application paragraph for count two that the jury should "[o]nly proceed
to Count III if you have found the defendant 'not guilty' of Count II." (For convenience, we will
refer to this as a "sequencing instruction.") Nevertheless, when the jury told the court that it was
deadlocked on count two (ten not guilty votes, two guilty votes) and requested permission to
consider count three without reaching a verdict on count two, the court assented. The jury found
Hutson guilty of count three.

 Hutson contends that this procedure violates his constitutional right to a jury trial
and the statutory provision that, "[i]n a prosecution for an offense with lesser included offenses,
the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included
offense." Tex. Code Crim. Proc. Ann. art. 37.08 (West 1981) (emphasis added). He contends
this requires a finding of not guilty on the greater offense. He argues that the absence of a not-guilty finding violates this statute as well as constitutional provisions ensuring trial by jury. We
disagree. 

 We find no deprivation of the constitutional right to trial by jury or of statutes
designed to safeguard that right; indeed, the jury acquitted him, convicted him, and requested the
very procedure he challenges. We find no statutory or constitutional requirement that the jury
must acquit a defendant of the greater offense before considering the lesser offense. Article 37.08
merely states that the jury may acquit the defendant on the greater offense but convict on lesser
offenses. Id. The Supreme Court has held that a jury's choice to convict of second-degree
murder rather than first-degree murder is an implicit acquittal on the first-degree charge. See
Green v. United States, 355 U.S. 184, 190-91 (1957). The Waco court of appeals agreed. See
State v. Restrepo, 878 S.W.2d 327, 328 (Tex. App.--Waco 1994, pet. dism'd). In neither case
does the appellate court criticize the trial court for presenting the greater and lesser offenses as
options rather than a sequence of choices descending from the greatest offense. Texas law
contemplates the courts may give juries free choice among greater and lesser-included offenses;
otherwise there would be no need for the statute establishing that conviction of a lesser-included
offense implies acquittal of greater offenses. See Tex. Code Crim. Proc.