COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LUIS CAMACHO, | § | No. 08-06-00090-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 41st District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20040D02278) |
| | § | |

**O P I N I O N**

This is an appeal from a jury conviction for the lesser-included offense of attempted aggravated kidnapping. The jury assessed punishment at twenty years' imprisonment, and a fine of $10,000. We affirm.

**I.  SUMMARY OF THE EVIDENCE**

At 6:45 a.m., on June 10, 2003, Susana Villa was walking on Scenic Drive on her way to Crockett Elementary School in El Paso, Texas, where she was teaching summer school. She saw a car pass, and then she noticed it had turned and was approaching her in the other direction. She recognized the driver as the individual who had passed her just before. The individual stopped in the middle of the road and yelled at Villa to get into the car. He was wearing some type of uniform, and she briefly thought that he was a police officer. However, he came to Villa and grabbed her by her arms and attempted to pull her toward his car. She struggled as he dragged her towards the car. She threw herself on the pavement, acting as dead weight. While she was on the ground, she kicked the car door shut with her foot. As the struggle ended, Villa saw that the assailant had a knife in his hand. The knife was about eight inches long and it had a green handle.

Villa did not remember being stabbed. However, she was picked up by two people who were passing by in a van, and they noticed that she had blood all over her pants. She realized she had been stabbed. At trial, Villa was shown a knife that had been subsequently removed from Appellant's bedroom. She testified that it resembled the knife used in the attack, but she could not be sure it was the same knife. Villa identified Appellant in the courtroom. She testified that she was positive of her identification, stating that she "just [had not] forgotten that face." No objection was lodged to the in-court identification.

Deborah Ibaven and her mother Rebecca were driving in a van on Scenic Drive when they witnessed the attack. Deborah saw a man hitting something. When they got closer, Deborah saw Villa on the ground struggling with the man. She was kicking, struggling, and screaming for help. The man was trying to pick her up by her arms. At first, Deborah thought some sort of domestic dispute was occurring. She began to call 9-1-1 on her phone. However, as other cars approached, the individual dropped Villa and drove off. Deborah testified that she was able to observe the attacker, and without objection, she identified Appellant in court as the assailant.

Rebecca Ibaven testified she was taking her daughter to her college classes by way of Scenic Drive, when she saw the driver in front of her looking back at something. She observed the struggle between a man and a woman. The woman was yelling for help. The man had a moustache and was wearing a mechanic's uniform. Rebecca identified Appellant in court as the assailant. No objection was lodged to the identification.

## II. DISCUSSION

In Issue No. One, Appellant asserts that the verdict is improper, because the jury failed to reach a verdict on the greater offense of aggravated kidnapping, before it considered the lesser-included offense of attempted aggravated kidnapping.

The application paragraph in the court's charge to the jury read:

Now if you find from the evidence beyond a reasonable doubt that on or about the 10TH day of JUNE, 2003, in El Paso County, Texas, the Defendant, LUIS CAMACHO, did then and there, **intentionally** or **knowingly abduct** another, namely, Susana Villa, by using or threatening to use **deadly force**, to-wit: by stabbing the said Susana Villa with a knife OR by grabbing the said Susana Villa with his hand while holding a knife and the said Defendant did then and there use or exhibit a **deadly weapon**, to-wit: a knife, during the commission of or immediate flight from said offense, then you will find the Defendant guilty of AGGRAVATED KIDNAPPING as charged in the indictment. (Verdict Form A)

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant LUIS CAMACHO of AGGRAVATED KIDNAPPING (Verdict Form B) and next consider whether the Defendant is guilty of the lesser included offense of ATTEMPTED AGGRAVATED KIDNAPPING.

.  .  .

Now if you find from the evidence beyond a reasonable doubt that on or about the 10TH day of JUNE, 2003, in El Paso County, Texas, the Defendant, LUIS CAMACHO, did then and there with specific **intent** to commit the offense of Aggravated Kidnapping, do an act, to wit: attempt to **abduct** another, namely, Susana Villa, by using or threatening to use **deadly force**, to-wit: by stabbing the said Susana Villa with a knife OR by grabbing the said Susana Villa with his hand while holding a knife and the said Defendant did then and there use or exhibit a **deadly weapon**, to-wit: a knife, during the commission of or immediate flight from said offense, which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended, then you will find the Defendant guilty of ATTEMPTED AGGRAVATED KIDNAPPING. (Verdict Form C)

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant LUIS CAMACHO of ATTEMPTED AGGRAVATED KIDNAPPING. (Verdict Form D)

(Emphases and capitalizations in original).

The jury was further instructed that:

If you believe from the evidence beyond a reasonable doubt that the Defendant is guilty of either AGGRAVATED KIDNAPPING or ATTEMPTED AGGRAVATED KIDNAPPING but you have a reasonable doubt as to which offense he is guilty, then you must resolve that doubt in favor of the Defendant and find him guilty of the lesser included offense of ATTEMPTED AGGRAVATED KIDNAPPING. (Verdict Form C)

(Capitalizations in original).

The presiding juror signed Verdict Form C,[1] finding Appellant guilty of the lesser-included offense of attempted aggravated kidnapping. The other forms were blank. No objection was lodged to the verdict.

Appellant maintains that the jury was instructed to decide the charged count first. Only after they unanimously found him not guilty were they to proceed to consider the lesser-included offense. Therefore, the verdict was alleged to be improper, in that the jury was not authorized to proceed to consider the lesser-included offense. Appellant cites no authority for this proposition. Even if one is citing a novel argument, he must provide analogous case law or provide the reviewing court with some legal framework for evaluating the asserted proposition. To fail to do so is improper briefing, and the issue should be overruled on that ground, if no other. *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000).

Furthermore, notwithstanding the improper briefing, we note that a guilty verdict on the lesser-included offense serves as an implied acquittal of the greater-charged offense. *See, e.g., State v. Restrepo*, 878 S.W.2d 327, 328 (Tex. App.--Waco 1994, pet. dism'd) (citing *Green v. United States*, 355 U.S. 184, 190-91, 78 S. Ct. 221, 225 (1957)). Furthermore, a conviction of a lesser-included offense serves as a bar to retrial of the greater-charged offense in the event of the granting of a new trial. *See* TEX. CODE CRIM. PROC. ANN. art. 37.14. Issue No. One is overruled.

In Issue No. Two, Appellant contends that the court erred in allowing the in-court identifications of the State's witnesses. At trial, Deborah Ibaven testified she was able to get a good

---

[1] Verdict Form C reads: "We, the Jury, find the Defendant, LUIS CAMACHO, guilty of the offense of ATTEMPTED AGGRAVATED KIDNAPPING," with a place below for the signature of the Presiding Juror. Verdict Form C is the form which the Presiding Juror was, without objection, instructed to sign, if the jury believed beyond a reasonable doubt that Appellant was guilty of either the greater or the lesser-included offense, but they had a reasonable doubt as to the offense of which he was guilty.

look at the Appellant, and she identified him, without objection, as Villa's assailant. On cross-examination, testimony was elicited that she had been shown several photo line-ups by the police, and she had identified other individuals who she thought were the assailant. Counsel also elicited from Deborah that the prosecutors had shown her Appellant's driver's license at a pretrial conference. She testified on re-direct examination that she had seen Appellant in the hallway outside the courtroom and told the prosecutors that he was the assailant. This was after she had seen the driver's license.

Outside the presence of the jury, Appellant moved for a mistrial, based on prosecutorial misconduct. In the alternative, he requested a continuance. The court denied both motions.

Rebecca Ibaven also testified she was shown several photo line-ups, and she had identified "some people, but [she didn't] know if that was the correct one." She identified Appellant in court without objection. She stated she was positive of her identification.

Susana Villa testified she was shown a photo-lineup that included a picture of Appellant, and she identified Appellant from the photo-lineup. She also testified that she had also seen four other photo-lineups which did not include Appellant's picture, and she had not been able to identify anyone.

A police detective testified that Villa identified Appellant from a photo-lineup he showed her and that the lineup had been presented to her in a non-suggestive manner.

Another police detective testified that six or seven photo-lineups were prepared and shown to the witnesses before Appellant had been developed as a witness. Neither the Ibavens nor Villa was able to make an identification, although the Ibavens had identified some people who resembled the attacker. Their identifications were not positive, and the officers were not able to arrest any of the individuals they identified.

Appellant did not challenge the identifications through a pretrial identification hearing. Also, Appellant did not object at the time the witnesses identified him in court. At the very least, there must be some contemporaneous objection at trial in order to place the admissibility of identification testimony in issue. *See Wallace v. State*, 75 S.W.3d 576, 584 (Tex. App.--Texarkana 2002), *aff'd,* 106 S.W.3d 103 (Tex. Crim. App. 2003). Absent a contemporaneous objection to the in-court identification based on impermissibly suggestive pretrial identification procedures, such a complaint is not preserved for review. *Van Zandt v. State*, 932 S.W.2d 88, 94-95 (Tex. App.--El Paso 1996, pet. ref'd).

In the present case, no objection was made at trial. Further, Appellant did not object to the admissibility of the identifications at any time during the trial. Accordingly, the issue has not been preserved for review. Issue No. Two is overruled.

In Issue No. Three, Appellant argues that the trial court erred in not granting Appellant's motion for directed verdict, because the evidence was factually insufficient to prove Appellant guilty of attempted aggravated kidnapping.

Initially, we must address the State's contention that this issue is improperly briefed and presents nothing for appellant review. In order to properly brief a challenge to the sufficiency of the evidence, the brief must have a summary of the testimony or other evidence relevant to the element of the offense that is challenged, accompanied by appropriate citations to authorities and to the record. *See Gallegos v. State,* 76 S.W.3d 224, 228 (Tex. App.--Dallas 2002, pet. ref'd). Here, the argument portion of the issue consists of several paragraphs which explicate the standard of review for factual sufficiency. The evidence is not discussed, there are no citations to the record, and no argument is stated pointing out how the evidence is insufficient or what element of the offense is deemed as insufficiently proven. This issue is insufficiently briefed and presents nothing for review.

*See* TEX. R. APP. P. 38.l(h); *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App.), *cert. denied,* 522 U.S. 844 (1997).  Issue No. Three is overruled.

### III.  CONCLUSION

We affirm the judgment of the trial court.

KENNETH R. CARR, Justice

April 3, 2008

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)